UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00173-RJC-DCK

| | |
|---|---|
| **FBA OPERATING CO.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **Order** |
| **RHINO STORM,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| ) | |

**THIS MATTER** comes before the Court on Plaintiff FBA Operating Co.'s Ex Parte Motion for Temporary Restraining Order against Defendant Rhino Storm to cease infringing FBA's patent. (DE 8). FBA has provided substantial evidence to demonstrate the necessary requirements for this Court to grant the requested Ex Parte TRO. Accordingly, this Court Orders the following:

1. Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendant having notice are hereby restrained and enjoined, until further Order of this Court from:

    a. manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products infringing upon the U.S. Patent No. 10,890,925 B2 ("'925 Patent"), including the Accused Product[1], or any confusingly similar products; and

    b. secreting, concealing, destroying, selling off, transferring, or otherwise

---

[1] The Accused Product includes the RVLevelerPRO. (DE 8-1).

disposing of: (i) any products, not manufactured or distributed by FBA, that are infringing upon the '925 Patent; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products infringing upon the '925 Patent.

2. Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with them shall immediately discontinue, until further order of this Court, the manufacturing and sale of products infringing upon the '925 Patent, on or in connection with all Internet based e-commerce store businesses owned, operated, or controlled by Defendant including any Internet-based e-commerce store;

3. Defendant shall continue to preserve copies of all computer files relating to the use of any of the Internet-based e-commerce store website businesses under its Seller ID and shall take all steps necessary to retrieve computer files relating to the use of the Internet-based e-commerce stores under its Seller ID that may have been deleted before the entry of this TRO;

4. This TRO shall apply to the Seller IDs, associated e-commerce stores, and any other seller identification names, e-commerce stores, which are being used by Defendant for the purpose of manufacturing, marketing, or selling products infringing upon the '925 Patent at issue in this action and/or unfairly competing with Plaintiff;

5. Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Fed. R. Civ. P. 65(c), FBA shall post a bond in the amount of Five Thousand Dollars and Zero Cents ($5,000.00), as payment of damages to which Defendant may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court.

6. A preliminary injunction hearing is scheduled for Tuesday, August 30, 2022, at 11:00 a.m. in Courtroom 4a.

**SO ORDERED**.

Signed: August 15, 2022

*[signature]*

Robert J. Conrad, Jr.
United States District Judge